

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-20-2006

# Tjia v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2356

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Tjia v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1410.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1410

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2356

BUDI WERIANTO TJIA,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES;
SECRETARY OF DEPARTMENT OF HOMELAND SECURITY,
Respondents

On Petition for Review of an Order of the Board of Immigration Appeals
No. A78-727-250
Immigration Judge: Hon. Donald Vincent Ferlise

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 8, 2006

BEFORE: AMBRO and STAPLETON, Circuit Judges,
and STAGG,* District Judge

(Opinion Filed: March 20, 2006)

* Hon. Tom Stagg, Senior United States District Judge for the Western District of
Louisiana, sitting by designation.

OPINION OF THE COURT

STAPLETON, Circuit Judge:

Petitioner Budi Werianto Tjia is a citizen of Indonesia who seeks review of an order requiring his removal and denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture. Tjia claims to have been persecuted in Indonesia in the past, and to fear persecution there in the future, because he is Christian and of Chinese ethnic descent. We will deny the petition for review.

In *Fatin v. INS*, we defined "persecution" as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." 12 F.3d 1233, 1240 (3d Cir. 1993). "Violence or other harm perpetrated by civilians . . . does not constitute persecution unless such acts are "committed by the government or forces the government is either 'unable or unwilling' to control." *Lie v. Ashcroft*, 396 F.3d 530 (3d Cir. 2005), quoting from *Abdulrahman v. Ashcroft*, 330 F.3d 587, 592 (3d. Cir. 2003). And, of course, an asylum applicant must show that the claimed persecution was "on account of" one of the five enumerated grounds: race, religion, nationality, membership in a particular social group or political opinion. 8 U.S.C. § 1101(a)(42)(A).

With respect to past persecution, the Immigration Judge's ("IJ") opinion in this

2

matter addressed each of the incidents that Tjia described in his testimony and claimed to constitute persecution. In each instance, the IJ concluded, with record support, that the incident did not constitute persecution, the evidence did not show that the threat or harm was in any way connected with Tjia's ethnicity or religion, and/or that nothing indicated that the threat or harm came from the government or a source that the government was unwilling or unable to control. The BIA agreed. So do we.

With respect to fear of future persecution, the BIA noted that Tjia "did not testify to individualized threats that would form a basis for a well founded fear of persecution" and that he had not established a "pattern or practice" of government sponsored persecution of Chinese Christians in Indonesia. Our review of the record confirms the accuracy of these observations. On a similar record, we recently concluded in *Lie v. Ashcroft*, 396 F.3d 530 (3d Cir. 2005), that the activity alleged to constitute a pattern and practice of persecution of ethnic Chinese Christians in Indonesia was not "systemic, pervasive, or organized," and, accordingly, not a "pattern or practice." *Id.* at 537. Our description of the record there is equally applicable here:

> Petitioners argue, with some force, that anti-Chinese violence persists, citing evidence in the record of widespread attacks on Chinese Christians in Indonesia, including press accounts of riots, vandalism, and robbery targeting Chinese Christians. Nevertheless, such violence does not appear to be sufficiently widespread as to constitute a pattern or practice. The 1999 Country Report on Indonesia indicated that there was a sharp decline in violence against Chinese Christians following the period of intense violence in 1998, and noted that the Indonesian government officially promotes religious and ethnic tolerance. Moreover, this violence seems to have been primarily wrought by fellow citizens and not the result of governmental action or acquiescence. Given these considerations, we are

3

not compelled to find that such attacks constitute a pattern or practice of persecution against Chinese Christians.

*Id.* at 537-38 (footnote omitted).

Finally, we agree with the BIA that, while the IJ made some comments that were "unusually informal and blunt," the record provides assurance that Tjia was provided with a fair opportunity to present his case and received an objective evaluation thereof. Accordingly, we perceive no Due Process violation. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

The petition for review will be denied.